UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nadine Joachin,<br><br>                             **Plaintiff,**<br><br>              **-against-**<br><br>**ArchCare at Terence Cooke Cardinal Health Care Center, et al.,**<br><br>                           **Defendants.** | **1:25-cv-07592 (VSB) (SDA)**<br><br>**REPORT AND RECOMMENDATION** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE VERNON S. BRODERICK, UNITED STATES DISTRICT JUDGE:**

Plaintiff Nadine Joachin brings this action *pro se* against ArchCare at Terence Cardinal Cooke Health Care Center ("ArchCare"),[1] United Staffing Solutions ("United Staffing"), Benefit Plans Administrative Services, Inc. ("BPA"),[2] Health Equity, RideSafely.com, Inc., Synchrony Bank, MJHS Isabella Center for Rehabilitation and Nursing Care ("MJHS"), United States Postal Service Hellgate Station ("USPS"), New York City Police Department 23rd Precinct ("NYPD"), Social Security Administration, Workforce 1 Career Centers, New York State Department of Labor, Bank of America, Vivint Home Security, All in One Inventions ("All in One"), and various individually named Defendants for which Plaintiff has failed to provide adequately identifiable names and addresses.

---

[1] The Complaint had listed this defendant's name as "Arch Care Terrence Cook Cardinal," but in an Order, dated September 17, 2025, the Court took judicial notice that the correct name of the entity is "ArchCare at Terence Cardinal Cooke Health Care Center." (9/17/25 Order, ECF No. 5, at 1 n.2.)

[2] The Complaint had listed this defendant's name as "BPAS," but in the Order of Service, the Court took judicial notice that the correct name of the entity is "Benefit Plans Administrative Services, Inc." (9/17/25 Order at 1 n.3.)

Before the Court are Plaintiff's Complaint (Compl., ECF No. 1), Amended Complaint (Am. Compl., ECF No. 14), Second Amended Complaint ("SAC") (SAC, ECF No. 19, styled by Plaintiff as "Amended Complaint"), the Order to Show Cause ("OTSC") entered by the undersigned on January 31, 2026 (OTSC, ECF No. 21) and Plaintiff's response thereto (Pl.'s 2/25/26 Resp., ECF No. 25). For the reasons set forth below, it is respectfully recommended that Plaintiff's claims be *sua sponte* DISMISSED WITHOUT PREJUDICE as frivolous.

## **FACTUAL ALLEGATIONS**[3]

Plaintiff became an employee of ArchCare beginning on March 3, 2025. (Compl. at PDF p. 8.) On March 3, 2025, according to Plaintiff, ArchCare "took control over [her] identity upon entering employment contract with aggregated workplace and hostile environment settings with death trap involvements…." (*Id*.)[4]

In an incident during Plaintiff's orientation week, also beginning March 3, 2025, Plaintiff was called a racial slur by an unidentified maintenance worker. (Compl. at PDF p. 9 ("…calling Plaintiff a N…. in a joking manner")) That same week, Plaintiff contacted Donna Rey, the CEO of 1199 Union Benefits, regarding "red flags in the community" and "fraud taking place."[5] (*Id.*) On March 8, 2025, Plaintiff's mother was admitted to ICU emergency care for "multiple heart failure caused by the illegal practices of Defendants' employees shifting blames on innocent victims

---

[3] Many of the allegations in the Complaint, First Amended Complaint and Second Amended Complaint, strain credulity and are implausible on their face, but nevertheless are summarized below.

[4] *See also* Am. Compl. at PDF p. 2 ("Plaintiff was subjected to a hostile, retaliatory, sexualized workplace environment, and verbal abuse.").

[5] Neither 1199 Union Benefits nor Donna Rey is listed as a named defendant.

creating death traps to remove victims of identity theft through the methods of gaslighting."[6]

(Id.)

On April 26, 2025, Plaintiff complained to ArchCare President and CEO Scott LaRue about "missing unreported hours from Plaintiff paycheck." (Compl. at PDF p. 9.)[7] Plaintiff further complained to Mr. LaRue on April 30, 2025, May 6, 2025 and June 31, 2025, alleging mistreatment by two ArchCare employees, and theft of personal property (i.e., a "chain") by another. (Id.) After Plaintiff reported the theft, "Defendants orchestrated false accusations to justify disciplining her[,] . . . manufactured misconduct and staged events . . .." (Am. Compl. at PDF p. 2.)

ArchCare "started promoting unwanted sexual harassment throughout the workplace" by forcing its female employees to wear tightly fitted scrubs with the words "big BBL" on them. (Compl. at PDF pp. 9-10.) ArchCare slandered Plaintiff in the workplace, refused to participate in mediation with her, and "set[] traps with offenders and sex workers in every workplace including United Staffing Solutions." (Id. at PDF p. 10.)

On unspecified dates, Plaintiff was followed by "unknown males displaying lewd acts in the community and the NYC Parks Department as well while NYPD was stationed at the location of 219 East 109th Street." (Compl. at PDF pp. 9-10.) Plaintiff also claims that NYPD officers were violating the "Anti Sherman Act" by running a scam against her. (Id. at PDF p. 10.) Plaintiff elaborates in her SAC, stating that she repeatedly reported crimes and "[o]fficers failed to investigate and instead harassed and intimidated Plaintiff." (SAC at PDF p. 3.)

---

[6] It is unclear to which "Defendants" Plaintiff references here.

[7] See also Am. Compl. at PDF p. 2 ("Plaintiff repeatedly notified ArchCare of missing work hours and unreported wages – which were never compensated.").

On July 2, 2025, ArchCare was "ordered to correct Defendant errors," although it is unclear to which errors Plaintiff refers. (Compl. at PDF p. 9.) Plaintiff alleges ArchCare "used conversion," to terminate her wrongfully[8] on July 31, 2025, and stole her identity. (*Id.*)[9] Plaintiff further alleges being scammed, followed or otherwise harassed by "networks of the Defendant employees stationed at Terence Cooke Cardinal," including a John Doe[10] "who is a scammer," and lists several other people who were following her, although their names do not match any names on the list of defendants. (*Id*.)

## **PROCEDURAL HISTORY**

On September 12, 2025, Plaintiff commenced this action *pro se* by filing the Complaint,[11] alleging against ArchCare, United Staffing, BPAS, Health Equity and Synchrony Bank violations of the First Amendment and various federal civil and criminal statutes, including the Fair Labor Standards Act ("FLSA"), the Sherman Antitrust Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 42 U.S.C. § 1983, New York Executive Law Section 630 and various

---

[8] In her Amended Complaint, Plaintiff characterizes this incident as "Retaliation following [a] report of misconduct." (Am. Compl. at PDF p. 2.) Plaintiff alleges "she was wrongfully fired for reporting fraud, theft of personal property, and harassment." (*Id.*)

[9] *See also* Am. Compl. at PDF p. 2 ("Defendants unlawfully accessed, used, and shared Plaintiff's personal and employment information", "The misconduct included misuses of Plaintiff's: employment records; retirement contributions; transit benefits; personal identifying information; and financial data.").

[10] Identified in the Amended Complaint as "Defendant Conner M. Zaleski (Connecticut Plates license 81649 and Virginia Plates a SZD8396)." (Am. Compl. at PDF p. 2.)

[11] No stranger to this Court, Plaintiff has commenced four actions here: *See Joachin v. Morningside Rehabilitation Nursing Home*, 1:23-cv-07652 (ALC) (motion for recusal denied on 5/15/2024*); Joachin v. Dream Job Staffing, et al.*, 1:23-cv-10083 (LTS) (dismissed without prejudice for failure to state a claim on 4/15/2024); *Joachin v. Stat Care Staffing, et al.,* 1:23-cv-10803 (LTS) (dismissed for failure to file an amended complaint on 10/25/2024); and *Joachin v. AIG, et al.*, 1:24-cv-04335 (MKV) (order to show cause why case should not be dismissed for failure to prosecute and otherwise comply with court orders on 5/14/25).

provisions of the New York Penal Law. (*See* Compl.) An Order of Service, dated September 17, 2025, directed that the Clerk of Court issue summonses to the identified defendants, and that Plaintiff provide names and addresses for the remaining defendants that had not been adequately identified. (9/17/25 Order, ECF No. 5.) The Order noted Plaintiff's handwritten listing of "NYPD" and "USPS" in the caption of the Complaint, although Plaintiff had failed to list them in the Complaint. (*Id*. at 2.) Plaintiff was advised that the NYPD is a non-suable agency of the City of New York. (*See id.* (citing *Jenkins v. City of New York*, 478 F.3d 76, 93 (2d Cir. 2007)).) Plaintiff was directed to file an amended pleading listing "USPS" as a defendant if she intended to assert claims against it, as well as which claims she wished to assert. (*Id*.)

On September 25, 2025, Plaintiff filed an "Amended Defendant's List" with addresses for several, but not all, previously named Defendants. (*See* Pl.'s List, ECF No. 7.) In an Order of Service, dated September 26, 2025, the undersigned directed the Clerk of Court to issue summonses to two of the named defendants, directed that Plaintiff provide proper names and addresses for the inadequately identified Defendants, and reminded Plaintiff that the NYPD is a non-suable agency of the City of New York. (9/26/25 Order, ECF No. 8, at 1-2.)

On December 9, 2025, Plaintiff filed the Amended Complaint, alleging violations of the FLSA, 18 U.S.C. § 1028A, and various sections of the New York Penal Law. (*See* Am. Compl.)The Amended Complaint includes a list of defendants that do not match those listed in the Complaint, and a bullet-point list of grievances without factual allegations connecting each defendant to each cause of action. (*Id*.)

On December 29, 2025, Plaintiff and counsel for Synchrony Bank (one of the named defendants) appeared at a telephone conference, during which the undersigned addressed,

among other things, the deficiencies in Plaintiff's Amended Complaint. The same day, the undersigned issued an Order directing Plaintiff to file a Second Amended Complaint by January 31, 2026, setting forth which legal claims she is asserting against each defendant, as well as the factual allegations supporting such claims. (12/29/25 Order, ECF No. 18, ¶ 1.) In that Order, Plaintiff was reminded of the availability of the Federal Pro Se Legal Assistance Project run by the City Bar Justice Center ("CBJC") to assist self-represented parties.[12] (*Id*. ¶ 2.)

On January 21, 2026, Plaintiff filed the Second Amended Complaint, alleging claims under the FLSA; 18 U.S.C. § 1028A; RICO; 42 U.S.C. §§ 1983, 1985, and 1986; Bivens;[13] and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (*See* SAC.) The SAC added more than a dozen defendants not previously named, and included as a defendant the NYPD 23rd Precinct. It also included a list of "General Allegations (Common to All Defendants)" who Plaintiff claims were part of a "coordinated pattern of misconduct," as well as a bullet-point list pairing each Defendant with certain causes of action, and a list of federal and state laws and "Constitutional Rights and Amendments Implicated." (*Id.*)

In the January 30, 2026 OTSC, the undersigned noted the deficiencies in Plaintiff's Amended Complaint, which remained uncorrected in the SAC. (OTSC at 4.) The undersigned ordered Plaintiff to show cause, in a letter filed to the docket no later than February 27, 2026, why Plaintiff's case should not be dismissed without prejudice as frivolous. (*Id*.)

---

[12] In an Information Package provided to Plaintiff earlier in this action, she had been advised of the availability of CBJC project. (Info. Pkg., ECF No. 6, at PDF p. 7.)

[13] A *Bivens* action is a lawsuit seeking damages against federal officers for violating constitutional rights while acting under federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). It does not appear on the face of Plaintiff's pleadings that any of the defendants is a federal officer.

Plaintiff's February 5, 2026 response to the Order to Show Cause cited the legal standard governing dismissal, relisted various causes of action without accompanying factual allegations, listed previously cited federal and state laws, repeated the standard that *pro se* pleadings must be liberally construed and argued that the action should be permitted to proceed or, in the alternative, that she be granted leave to amend. (Pl.'s 2/5/26 Resp. at 1-3.)

## LEGAL STANDARDS

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than  formal pleadings drafted by lawyers." *See Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).  Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest."  *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)).  Nevertheless, dismissal of a *pro se* complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory allegations.  *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).  In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (cleaned up).

The Court "has the power to dismiss a complaint *sua sponte* for failure to state a claim[.]" *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980) (citing *Robins v. Rarback*, 325 F.2d 929 (2d Cir. 1963), *cert denied*, 379 U.S. 974 (1965)). In addition, "[a] court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, if they are fanciful, fantastic or delusional." *Gallop v. Cheney*, 642 F.3d 364, 368, (2d Cir. 2011) (cleaned up); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir.

2000) (per curiam) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances."); *Matheson v. Deutsche Bank Nat'l Trust Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (affirming *sua sponte* dismissal of *pro se* pleading).

## DISCUSSION

As discussed below, to the extent that it is possible to determine which claims are brought against which Defendants, the Court finds that all of Plaintiff's claims are frivolous. In her SAC, Plaintiff identifies statutes that do not match the facts alleged, and she does not plead sufficient facts to establish a claim. Moreover, many of Plaintiff's contentions are fanciful.

## I.    Claims Against ArchCare

The bulk of Plaintiff's claims appear to be directed against ArchCare, Plaintiff's former employer. Sifting through Plaintiff's allegations to identify her intended causes of action, the Court construes the Plaintiff as alleging the following against ArchCare: identity theft, wage theft, theft of property, conversion, breach of contract, hostile workplace, discrimination, harassment and wrongful termination, as well as claims under RICO, the First Amendment, the Sherman Antitrust Act, 42 U.S.C § 1983, and N.Y. Penal Law §§ 40.05 (entrapment), 155.05 (larceny), 490.20 (making a terroristic threat), 130.95 (predatory sexual assault) and 190.78 (identity theft).[14] Yet, Plaintiff fails to connect most of her factual allegations to her legal claims.

---

[14] In her Amended Complaint, Plaintiff dispenses with most of the N.Y. Penal Law sections she had previously cited, and instead cites to new sections of the law §§ 170 (forgery), 1708 (mail theft/package theft), 130 (sex offenses), 240 (disorderly conduct), 250 (unlawful surveillance). (*See* Am. Compl. at PDF p. 2.) In her SAC, Plaintiff does not cite to N.Y. Penal Laws at all. (*See* SAC.)

The closest Plaintiff comes to stating a claim is when she alleges "missing, unreported hours from Plaintiff paycheck" in her Complaint, and cites the "Fair Labor Standard Law," which this Court construes as a reference to the FLSA. (Compl. at PDF p. 9.) The FLSA "imposes minimum wage and maximum hours requirements on employers." *See Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012) (citing 29 U.S.C. §§ 206-07). To claim an FLSA violation, a plaintiff must (1) establish that an employer-employee relationship existed (2) establish that the employee's work involved interstate activity and (3) "at least approximately, allege the hours worked for which these wages were not received." *Zhong v. Aug. Aug. Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007).

While Plaintiff alleges that ArchCare was her employer across all three versions of her Complaint, and assuming *arguendo* that Plaintiff performed employment activities within interstate commerce, the remaining facts alleged are vague and conclusory, do not allege the hours worked that went unpaid, and therefore are not enough to state a claim. (*See* Compl. at PDF p. 9 ("Plaintiff complained . . . about missing unreported hours from Plaintiff paycheck. The law states no employer shall commit wage theft and prohibit hours earned to employees . . ..");  *see also* Am. Compl. at PDF p. 2 ("Plaintiff repeatedly notified ArchCare of missing work hours and unreported wages – which were never compensated"); *see also* SAC at PDF p. 2 ("Defendants manipulated payroll").)

With respect to Plaintiff's claims under the New York Penal Law, "[w]here a penal statute does not expressly confer a private right of action on individuals pursuing civil relief, recovery under such a statute 'may be had only if a private right of action may fairly be implied.'" *Hammer v. Am. Kennel Club*, 1 N.Y.3d 294, 299 (2003) (quoting *Sheehy v. Big Flats Community Day*, 73

9

N.Y.2d 629, 633 (1989)). To determine whether a criminal statute gives rise to a private right of action, courts look at three factors: (1) plaintiff must be one of the class for whose benefit the statute was enacted; (2) recognition of a private right of action must promote the legislative purpose; and (3) creation of such a right must be consistent with the legislative scheme. *See id*.

N.Y. Penal Law § 40.05 addresses entrapment, which is not a legal violation but an affirmative defense. *See* N.Y Penal Law § 40.05. Thus, it cannot give rise to a private right of action, either express or implied.

N.Y. Penal Law § 155.05 addresses larceny, which "may not be pled as a separate cause of action in a civil case." *Cohain v. Klimley*, No. 08-CV-05047 (PGG), 2011 WL 3896095, at *4 (S.D.N.Y. Aug. 31, 2011), *aff'd sub nom. Sissel v. Rehwaldt*, 519 F. App'x 13 (2d Cir. 2013).

N.Y Penal Law § 490.20 addresses the making of a "terroristic threat." *See* N.Y Penal Law § 490.20. This statute also does not give rise to a private right of action. *See Scott v. Harbeck*, No. 24-CV-01506 (NCM) (LKE), 2024 WL 5470399, at *5 (E.D.N.Y. Nov. 22, 2024), *report and recommendation adopted sub nom. Scott v. United States*, 2025 WL 836557 (E.D.N.Y. Mar. 17, 2025) ("a civil cause of action to recover damages for harassment is not cognizable under New York law. Neither is a civil claim for 'terroristic threats,' which is a criminal charge covered by New York's Penal Law.") (internal quotation marks and citations omitted).

New York Penal Law § 190.78 addresses identity theft, and does not include a private right of action, but its civil counterpart, New York General Business Law § 380-s, does. *See* N.Y. Gen. Bus. Law § 380-s. However, N.Y. Gen. Bus. Law § 380-s "authorizes a civil action only if the identity theft 'resulted in the transmission or provision to a consumer reporting agency of information that would otherwise not have been transmitted or provided.'" *Prignoli v. Bruczynski*, No. 20-CV-

10

00907 (MKB), 2021 WL 4443895, at *9 (E.D.N.Y. Sept. 28, 2021) (citing *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 443 (2d Cir. 2015)).

Even assuming, *arguendo*, that a private right of action existed under any of the Penal Law provisions cited by Plaintiff, she has not alleged facts to support violations of such provisions by ArchCare. With respect to the purported violation of New York Penal Law 190.78, Plaintiff repeatedly alleges that identity theft took place, but fails to allege any facts connecting this behavior to ArchCare. (*See* Compl. at PDF pp. 8 ("took control over Plaintiff identity upon entering employment contract"), 9 ("aggravated identity theft"), 10 ("aggravated harassment with identity theft"); *see also* Am. Compl. at PDF p. 2 ("B. Identity Theft, Forgery, Mail Theft, Package Theft, and Fraud")). In the SAC, Plaintiff does not mention or refer to identity theft by ArchCare at all, instead listing it under "General Allegations (Common to All Defendants)" without further explanation. (*See* SAC at PDF p. 2.)

Accordingly, it is recommended that Plaintiff's claims against ArchCare be dismissed.

## II.     Claims Against United Staffing

Plaintiff's claims against United Staffing are devoid of factual basis and border on the fanciful. (*See*, *e.g.*, Compl. at PDF p. 10 ("Defendant . . . deliberately set[] traps with offenders and sex workers in every workplace including United Staffing Solutions").) United Staffing is not mentioned in the Amended Complaint, beyond its inclusion on the list of Defendants. (Am. Compl. at PDF p. 1). In the SAC, United Staffing is paired with ArchCare under "Factual Allegations by Entity" (SAC at PDF p. 2), yet no attempt is made to separate out which causes of action point to which entity, or to explain why they should be listed together.

Accordingly, it is recommended that Plaintiff's claims against United Staffing be dismissed.

**III.**     <u>**Claims Against the NYPD**</u>

Plaintiff listed the "NYPD" among the Defendants in her Complaint, and continued to list it among the Defendants in her Amended Complaint and Second Amended Complaint. As observed in the September 17, 2025, and September 26, 2025 Orders, the NYPD is not a suable agency of the City of New York. *See Jenkins*, 478 F.3d at 93.

To the extent the Court construes the allegations against the NYPD as alleged against the City of New York (the "City"), such allegations do not state a claim. Plaintiff claims she was "being followed by unknown males displaying lewd acts in the community and the NYC Parks Department as well while NYPD was station at the location of 219 East 109th Street." (Compl. at PDF p. 10.) Plaintiff also claims she "reported each pay period to the Police Commissioner the whereabouts and conduct of the NYPD Officers involvement of violation of Anti Sherman Act," and that Plaintiff had photos of "NYPD involvement of the scam." (*Id.*) It is unclear the purported scam in which Plaintiff alleges members of the NYPD were involved, or how they might have violated Plaintiff's rights by simply stationing themselves on a city street corner.

Plaintiff includes no further claims against the NYPD in the Amended Complaint, and in the SAC alleges that "officers failed to investigate and instead harassed and intimidated Plaintiff." (SAC at PDF p. 3.) Again, Plaintiff provides no factual allegations – including, for example, what officers failed to investigate or how their behavior amounted to harassment – in support of her legal conclusions.

Accordingly, it is recommended that Plaintiff's claims against the NYPD be dismissed.

**IV.   Claims Against All in One**

Plaintiff adds a new Defendant, All in One, to the SAC, making conclusory allegations. (SAC at PDF p. 4.) Plaintiff alleges that All in One stole her "patentable ideas, proprietary business methods, and economic concepts" after Plaintiff contracted with All in One to develop her "original inventions, business concepts, and intellectual property." (*Id.*) Plaintiff offers neither dates nor facts regarding these incidents, and fails to include what her inventions or business ideas were, how she contracted with All in One to execute them and how All in One purportedly breached its contract with her. Plaintiff lists "Legal Violations and Causes of Action," including 18 U.S.C. § 1832 (Economic Espionage Act), again with no further details connecting All in One to these causes of action.

Accordingly, it is recommended that Plaintiff's claims against All in One be dismissed.

**V.   Claims Against Remaining Defendants**

The remaining defendants, including BPA, RideSafely.com, Synchrony Bank, MJHS, the USPS, the Social Security Administration, Workforce 1, the Department of Labor, Bank of America, Vivint Home Security and individually named Defendants, are listed in the caption of Plaintiff's Complaint and Amended Complaint, but no allegations are made against them in the body of either document. The SAC pairs each defendant with a laundry list of allegations and statutes, but makes no attempt to provide a factual basis for any of Plaintiff's allegations or to draw a connection between Plaintiff's grievances and the purported legal violations. In addition, for the first time Plaintiff groups together previously listed Defendants without further explanation (*See* SAC at PDF p. 2 ("Synchrony Bank & Bank of America"); *see also id.* at PDF p. 3 ("RideSafely.com, Hui Chen Zheng, Jimmy Chen"), and without separating out which causes of

13

action point to which person or entity, or explaining why these defendants should be listed together.

Accordingly, it is recommended that Plaintiff's claims against the remaining defendants be dismissed.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's claims be *sua sponte* DISMISSED WITHOUT PREJUDICE as frivolous.

Dated: New York, New York
February 18, 2026

_____
**STEWART D. AARON**
**United States Magistrate Judge**

*          *          *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Broderick.

14

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).