UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                   :

NADINE JOACHIN,                   :

                                   :

                 Plaintiff,     :

                                   :         25-CV-7592 (VSB) (SDA)

            -against-       :

                                   :        **OPINION & ORDER**

ARCH CARE, *et al.*,           :

                                   :

                 Defendants.  :

                                   :

------------------------------------------------------------- X

<u>VERNON S. BRODERICK</u>, United States District Judge:

        Plaintiff Nadine Joachin ("Plaintiff") brings this action *pro se* against Defendants

ArchCare at Terence Cardinal Cooke Health Care Center ("ArchCare"), United Staffing

Solutions ("United Staffing"), Benefit Plans Administrative Services, Inc. ("BPA"), Health

Equity, RideSafely.com, Inc., Synchrony Bank, MJHS Isabella Center for Rehabilitation and

Nursing Care ("MJHS"), United States Postal Service Hellgate Station ("USPS"), New York

City Police Department 23rd Precinct ("NYPD"), Social Security Administration, Workforce 1

Career Centers, New York State Department of Labor, Bank of America, Vivint Home Security,

All in One Inventions ("All in One"), and various individually named Defendants, for whom

Plaintiff failed to provide identifiable names and addresses, alleging violations of the First

Amendment, the Fourteenth Amendment, and various federal civil and criminal statutes,

including the Fair Labor Standards Act ("FLSA"); the Sherman Antitrust Act; the Racketeer

Influenced and Corrupt Organizations Act ("RICO"); 42 U.S.C. §§ 1983, 1985, and 1986; New

York Executive Law Section 630; 18 U.S.C. § 1028A; *Bivens*[1]; and various provisions of the

New York Penal Law.  (Doc. 1 ("Compl."); Doc 14 ("Am. Compl."); Doc. 19 ("SAC"); Doc. 26

---

[1] This refers to an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which governs lawsuits seeking damages against federal officers for violating constitutional rights while acting under federal authority.

("Report) at 1, 4–6.)

On September 15, 2025, I referred this case to Magistrate Judge Stewart D. Aaron for general pretrial purposes. (Doc. 4.) On September 25, 2025, Plaintiff filed an "Amended Defendant's List" with addresses for several, but not all, previously named Defendants. (Doc. 7.) On December 9, 2025, Plaintiff filed an Amended Complaint. (Am Compl.) On January 21, 2026, at Magistrate Judge Aaron's direction, Plaintiff filed a Second Amended Complaint alleging various additional claims and adding more than a dozen defendants not previously named. (SAC.) On January 30, 2026, Magistrate Judge Aaron ordered Plaintiff to show cause in a letter filed on the docket no later than February 27, 2026, regarding why Plaintiff's case should not be dismissed without prejudice as frivolous. (Doc. 21.) On February 5, 2026, Plaintiff responded to the order to show cause. (Doc. 25.) In her letter, Plaintiff states the legal standard of various causes of action without any accompanying factual allegations. (*Id.*)

On February 18, 2026, Magistrate Judge Aaron issued a 15-page Report and Recommendation (the "Report and Recommendation" or "R&R") recommending that I *sua sponte* dismiss Plaintiff's claims without prejudice as frivolous. (Doc. 26 ("Report) at 14.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate [judge], to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) ("I am permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." (internal quotation marks omitted) (alterations adopted)).

Although the Report explicitly provided that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections" and "[f]ailure to objection within fourteen (14) days will result in a waiver of objections and will preclude appellate review," (Report 14–15), no party filed an objection or requested additional time to do so.  I have reviewed Judge Aaron's Report and Recommendation for clear error and, after careful review, find none.  I therefore ADOPT the Report and Recommendation in its entirety.  The Clerk of Court is respectfully directed to terminate this case.

SO ORDERED.

Dated:      May 13, 2026
            New York, New York

Vernon S. Broderick
United States District Judge